UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Jose C-S, | No. 26-cv-1460 (KMM/LIB) |
| Petitioner, | |
| v. | **ORDER** |
| Pamela Jo Bondi, et al., | |
| Respondents. | |

This matter is before the Court on the Petition for a Writ of Habeas Corpus filed by Petitioner Jose C-S. (Dkt. 1.) For the reasons that follow, the Petition is granted.

## BACKGROUND

Jose C-S is a citizen of Mexico who has resided in the United States since January 2022. (*Id.* ¶ 40.) He entered the country without inspection and now resides in New Town, North Dakota. (*Id.* ¶¶ 3, 40.) He also has two young children, both of whom as U.S. Citizens. (*Id.* ¶ 41.) On September 19, 2025, Jose C-S was arrested by immigration officials near Stanley, North Dakota. (*Id.* ¶ 43.) At no point was Jose C-S placed into removal proceedings prior to his arrest. (*Id.* ¶ 3.) On November 20, 2025, an immigration judge denied his application for asylum and ordered him removed. (*Id.*) Jose C-S subsequently appealed that decision and that appeal is currently pending. (*Id.*) At the time of his Petition's filing, Jose C-S was detained at the Crow Wing County Jail in Minnesota. (*Id.* ¶ 44.)

Respondents' primary position is that Petitioner is subject to mandatory detention pursuant to 8 U.S.C. § 1225(b)(2). (Dkt. 5.) They do not point to any other basis for his

1

detention, do not suggest that he has criminal history triggering other mandatory detention provisions, nor raise any other argument that Jose C-S's situation alters the well-established § 1225(b)(2) analysis. In the alternative, Respondents argue that this case should be transferred to the United States District Court for the District of North Dakota, where Jose C-S was arrested. (*Id.* at 1–2.)

## DISCUSSION

This case is one of many filed in recent months in this district challenging the application of § 1225(b)(2) to aliens who are already in the United States, either having entered without inspection or having been previously released pursuant to 8 U.S.C. § 1226 or another statute. This Court has previously held that, because such people are not "seeking admission," as set forth in § 1225(b)(2), that provision—which mandates detention—does not apply to them. *See, e.g.*, *Belsai D.S. v. Bondi*, No. 25-cv-03682 (KMM/EMB), 2025 WL 2802947 (D. Minn. Oct. 1, 2025). The majority of courts to have considered these issues have reached the same conclusion. Additionally, although the Fifth Circuit just agreed with Respondents' reading of § 1225(b)(2), the Seventh Circuit has reached a different conclusion. *Compare Buenrostro-Mendez v. Bondi*, No. 25-20496, 2026 WL 323330, at *4-10 (5th Cir. Feb. 6, 2026), *with Castanon-Nava v. DHS*, 161 F.4th 1048, 1061 (7th Cir. 2025). The Respondents' position is that the cases representing the majority view were wrongly decided and that the issue is currently pending before the Eighth Circuit in *Avila v. Bondi*, No. 25-3248 (8th Cir. docketed Nov. 10, 2025). However, Respondents acknowledge that this Court has rejected their position in prior cases, and they wish to preserve their arguments for any appeal.

Although the Court has considered the arguments raised by the government, and reviewed the authority cited, the Court declines to repudiate its analysis from *Belsai D.S.* and instead continues to follow the analysis of the strong majority of courts to have considered the matter. Of course, these issues are complex, and the government's arguments are not frivolous. But the Court continues to believe that the better reading of the relevant statutory scheme is that § 1225(b)(2) does not apply to Jose C-S or others who are similarly situated, and his mandatory detention under that provision is not supported by the law. And Respondents do not raise any argument that this analysis differs in this case.

The Court also notes that Jose C-S's pending asylum appeal does not alter the Court's conclusion that detention under § 1225(b)(2) is not appropriate. As U.S. District Court Judge Eric Tostrud recently noted in *Ahmed M. v. Bondi et. Al*, No. 25-cv-4711 (ECT/SGE), 2026 WL 25627, at *2 (D. Minn. Jan. 5, 2026) that "several courts have determined that asylum applications filed in like circumstances do not change the outcome." *Id.* (collecting cases). The reasoning in Judge Tostrud's opinion, and those of the cases he references, is sound, and the Court declines to find that Jose C-S's application for asylum triggers mandatory detention under § 1225(b).

The Court also rejects Respondents' request to transfer this case to the District of North Dakota. *Rumsfeld v. Padilla*, 542 U.S. 426 (2004) states that the proper forum for a habeas petition challenging physical detention is in the district where the petitioner is confined. *Id.* at 443 ("[F]or core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement."); *id.* at 442 ("Accordingly, with respect to habeas petitions 'designed to relieve an individual from oppressive

3

confinement,' the traditional rule has always been that the Great Writ is 'issuable only in the district of confinement.'" (quoting *Carbo v. United States*, 364 U.S. 611, 618 (1961)). The district of confinement in this case is the District of Minnesota, as it was when this Petition was filed. Accordingly, this District is the proper venue, and Respondents request to transfer this Petition is denied.

Jose C-S alleges that he should be immediately released or granted a bond hearing. The Court concludes that immediate release is appropriate in this case. The government has not claimed to have a "warrant issued by the Attorney General" supporting his recent arrest, nor has the government produced one to the Court. As Judge Tostrud also explained, "[s]ection 1226 provides that '*[o]n a warrant issued by the Attorney General*, an alien may be arrested and detained.'" *Id.* Judge Tostrud concluded that the issuance of a warrant is a necessary prerequisite to even discretionary detention under § 1226(a), citing several decisions from other districts. *Id.* In *Ahmed M.*, like here, the petitioner had been rearrested with no warrant, and there were no allegations of a violation of the conditions of his previous release. Therefore, the appropriate remedy in *Ahmed M.* was immediate release rather than a detention hearing. *See also Juan S.R. v. Bondi*, 26-cv-05 (PJS/LIB) (Order, Dkt. 8, Jan. 12, 2026) (same). Because the Court here has before it neither the administrative warrant contemplated by § 1226, nor a suggestion that Jose C-S has done something that justifies revoking his prior release, release is the correct remedy.

## ORDER

Based on the above, and on the full record before the Court, **IT IS HEREBY ORDERED THAT:**

4

1. Petitioner Jose C-S's Amended Petition for a Writ of Habeas Corpus (Dkt. 1) is **GRANTED**.

2. The Court **DECLARES** that Jose C-S is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2) and **ENJOINS** Respondents from denying release or other relief on the basis that he is subject to such mandatory detention.

3. The Court **ORDERS** Respondents to immediately release Jose C-S in Minnesota, **and without any new conditions,** no later than **12:00 PM on February 19, 2026**.

4. Further, the Court **ORDERS** Respondents file a notice on ECF **by no later than 12:00 PM on February 20, 2026** certifying his release. If Jose C-S has not been released by that time, then Respondents shall advise the Court about the reasons his release has not occurred, and the specific steps Respondents are undertaking to ensure his immediate release in Minnesota.

5. Respondents must release Jose C-S with all of his personal property and documents. That property may not be altered by Respondents and must be returned in the same condition as when it was taken.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Date: February 18, 2026

*s/Katherine Menendez*
Katherine Menendez
United States District Judge
